## COMMON PLEAS COURT

No. 968

LOTZ v. TAYLOR HOTEL CO.

Hamilton Common Pleas

Decided Sept. 19, 1925

1012. REFORMATION—Of lease, must be shown by clear and convincing evidence that as executed it does not contain the actual contract of lease; and what such contract was, must be proven by same degree of evidence also.

DARBY, J.

Joseph Lotz asked that the Taylor Hotel Company be enjoined from erecting certain additional rooms upon premises belonging to him and leased to the Company; and that the lease be abrogated, the premises returned to him, and that other proper relief be granted.

The Hotel Company admitted the lease; and by way of cross-petition asked for its reformation upon the ground that when it was signed it was verbally agreed and understood, that it should have the right to make such alterations and changes from time to time as were necessary in its judgment. The making of changes were also admitted by the Hotel Company but undertook to justify its action by the alleged verbal agreement between parties and that any changes could be made providing the property was returned in as good condition as it was originally, making allowance for wear and tear. The Court held:

1. To reform a contract and enforce it in its new shape, calls for a much more delicate remedy than recission; hence, in order to justify a decree for reformation in case of pure mistake, it is necessary that the mistake should have been mutual." Stewart v. Gordon, 60 OS. 170, at 176.

2. "The evidence must be of that clear and convincing character which leaves no reasonable doubt either of the mistake or the terms of agreement." Neininger v. State, 50 OS. 394 at page 403.

3. When the Hotel Company brought its suit to reform this lease, it sought to reform it only as to the amount of land involved and there was not a suggestion that the lease did not fully express the rent contract between parties in all other respects.

4. One would expect that when the controversy arose, the whole claim would be presented. Failure to do so gives rise to speculation if not suspicion.

5. The second claim of the Company was that it had the right to make changes regardless of the claim for reformation, and as it was bound to return the property in as good condition as when possession was taken excepting for ordinary wear and tear, it had the right to make any change or alteration of the property it desired in the meantime.

6. It would seem anomalous that under the terms of the lease, with provisions for repair and against waste, that the right of possession gave the lessee the right to substantially change the character of the building, even to the extent of practical destruction provided only that when the lease expired the property might be returned to its original condition.

7. The testimony is in hopeless conflict on almost every point; but as forfeitures are not favored, under all the circumstances of the case and the conflict of evidence, forfeiture will not be decreed.

8. He who seeks equity must do equity. The Court cannot sustain the right of the Hotel Company to materially change and mar a building by a lessee in possession under such a lease as this on the mere covenant to restore the premises in good condition.

9. The cross petition of the Company will be dismissed; and the prayer of Lotz to enjoin defendant from erecting rooms on the west side of the porch will be granted, and a mandatory injunction requiring the Hotel Company to remove so much of the same as has been erected will issue.

Decree accordingly.

Attorneys—Edward A. Tepe and C. F. Waltz, for Lotz; Louis B. Sawyer and Jackson W. Sparrow for Company; all of Cincinnati.