FRIENDLY VILLAGE, Appellee,

v.

DUTY, k.n.a. Buchan, Appellant, et al.

[Cite as *Friendly Village v. Duty* (1992), 75 Ohio App.3d 555.]

Court of Appeals of Ohio,
Wood County.

No. 91–WD–86.

Decided June 30, 1992.

*Eastman & Smith* and *Roger Paul Klee*; and *Gerald M. Kobil*, for appellee.

*Frederic E. Matthews*, for appellant.

*Per Curiam.*

This is an appeal from a judgment of the Perrysburg Municipal Court enjoining appellant, Barbi Buchan, f.n.a. Barbi Duty, from any further addition to her manufactured home and ordering Buchan to remove the addition that had been completed. For the reasons discussed below, we affirm the decision of the trial court.

The facts of this case are as follows. Appellee, Friendly Village, is the owner and operator of a manufactured home park where Buchan is a tenant. Pursuant to the terms of the rental agreement, Buchan was obligated to adhere to the rules and regulations promulgated by Friendly Village. Included in the rules and regulations of Friendly Village was the following:

"Any changes in home size, space arrangement, home additions or attachments to exterior of the home MUST first be approved by the Community

Manager to insure accordance with community requirements or existing local and community building codes."

In August 1990, Buchan began the construction of a room addition on the back side of her manufactured home. Lola Durham, community manager for Friendly Village, advised Buchan to stop work on the addition until she could determine if the addition was permitted. However, Buchan continued to work on the addition which is now substantially completed.

On September 20, 1990, Friendly Village issued notice to Buchan that her addition would not be allowed and that she had thirty days to remove it. Buchan did not remove the addition, and on January 23, 1991, Friendly Village served notice on Buchan to leave the premises due to her violation of the rules and regulations.

On January 28, 1991, Friendly Village filed the present action against Buchan seeking a mandatory injunction or, in the alternative, eviction and money damages. The case proceeded to trial, and on July 17, 1991, the trial court entered a mandatory injunction prohibiting any further construction and requiring Buchan to remove the addition.

It is from such judgment that Buchan raises the following two assignments of error:

"First Assignment of Error

"The trial court erred in granting plaintiff-appellee injunctive relief where there was an adequate remedy at law and there was no showing of irreparable harm if extraordinary relief did not issue.

"Second Assignment of Error

"The trial court erred in granting plaintiff-appellee any relief against defendant-appellant for alleged violation of park rules which are unreasonable, do not materially affect health and safety, were not promulgated and published pursuant to law, and the violation of which was not done willfully or in bad faith."

As her first assignment of error, Buchan argues that the trial court was without authority to issue injunctive relief. Specifically, Buchan argues that Friendly Village had an adequate remedy at law for eviction and money damages and therefore injunction was not a proper remedy.

The granting of an injunction is within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595. Further, injunctive relief has been afforded to restrain a tenant from making alterations of leased premises and to order the removal of such alterations.

*Lotz v. Taylor Hotel Co.* (C.P.1925), 3 Ohio Law Abs. 736, 25 Ohio N.P.(N.S.) 535, 542; *Courtland Bldg. Co. v. Blumenthal* (Super.Ct.1920), 24 Ohio N.P.(N.S.) 435, 442. In both *Lotz* and *Blumenthal* the courts found that a landlord lacked an adequate remedy at law and would suffer irreparable harm where a tenant altered leased premises. Therefore, we find the trial court did not abuse its discretion in awarding injunctive relief. Accordingly, the first assignment of error is found not well taken.

As her second assignment of error, Buchan argues that the trial court erred in granting injunctive relief based on an alleged violation of Friendly Village's rules and regulations. Specifically, Buchan argues that the rules were unreasonable, did not affect health and safety and were not properly promulgated.

R.C. 3733.11(C) provides in pertinent part as follows:

"A park operator shall promulgate rules governing the rental or occupancy of a manufactured home lot. The rules shall not be unreasonable, arbitrary, or capricious. A copy of the rules and any amendments to them shall be delivered by the park operator to the tenant or owner prior to his signing the rental agreement. A copy of the rules and any amendments to them shall be posted in a conspicuous place upon the manufactured home park grounds."

We would note that R.C. 3733.11 does not require that rules governing a manufactured home park be related to matters of health and safety. The only requirement is that such rules not be unreasonable, arbitrary or capricious. Therefore, we reject Buchan's argument that the rules governing manufactured home parks must be related to matters of health and safety.

Further, there is no evidence that Friendly Village's rule requiring exterior home additions first be approved to ensure accordance with the community requirements is unreasonable. More specifically, there is no evidence to show that Friendly Village's reason for denying Buchan permission to construct her addition is unreasonable, arbitrary or capricious. Durham, the community manager of Friendly Village, testified that additions were not permitted on the back side of manufactured homes in order to prevent an intrusion into the neighboring home's front yard. Durham further testified that the only exceptions made to this policy were for homes located on end lots where no intrusion occurred or for homes where such additions were constructed prior to the adoption of the policy.

Finally, we reject Buchan's argument that the specific reasons for approving or disapproving an exterior home addition, rather than a general rule requiring approval to ensure accordance with community requirements, must be promulgated and published. As the trial court stated:

"It is no answer that the back-only guidelines is [*sic*] not written in the park rules and regulations. The rules and regulations are not intended to be, nor should they be, detailed zoning codes that must anticipate every alteration or construction issue that might arise in a mobile home park community. A reasonable amount of discretion must be left to the park operator to determine what additions or alterations may be appropriate for its particular community, so long as the discretion is not exercised arbitrarily or discriminatorily, forms of discriminatory abuse not present here."

Therefore we do not find that the trial court abused its discretion in issuing the injunction. Accordingly, the second assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Perrysburg Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.

ABOOD, J., concurs in judgment only.