OPINION
In August of 1995, appellees, Frank and Evelyn Freyermuth, purchased a manufactured home located in Navarre Village near Navarre, Ohio. Said village is owned by appellant, Navarre Village Homes Austin Square, Inc. When appellees purchased the manufactured home, they were informed of a rule that prohibited units older than twelve years to remain in the village without written consent of the management. In May of 1997, appellees decided to sell their manufactured home. At this time, the manufactured home was nineteen years old. Appellant did not object to the sale, but asked appellees to remove the manufactured home pursuant to the "twelve year" rule. On June 18, 1998, appellees filed a complaint to have the twelve year rule declared unenforceable. A bench trial commenced on March 22, 1999. By judgment entry filed May 20, 1999, the trial court ruled in favor of appellees, finding the twelve year rule was unreasonable, arbitrary and capricious and contrary to R.C. 3733.11(C) as applied to appellees. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN REFUSING TO ALLOW ENFORCEMENT OF THE WRITTEN AGREEMENT OF JULY 24, 1995 (PRIOR TO MR. FREYERMUTH'S PURCHASE OF THE MOBILE HOME IN QUESTION) BETWEEN MR. FREYERMUTH AND THE MOBILE HOME PARK.
 II THE TRIAL COURT ERRED IN REFUSING TO ALLOW ENFORCEMENT OF THE MOBILE HOME PARK RULE WHICH PROVIDES THAT A MOBILE HOME OLDER THAN 12 YEARS MAY REMAIN IN THE PARK ONLY WITH THE PARK'S CONSENT.
 I, II
Appellant's two assignments of error center upon the trial court's refusal to enforce a section of a written agreement between appellant and appellees. Appellant claims the trial court erred in not enforcing the agreement and in finding the twelve year rule was unreasonable and arbitrarily enforced. We disagree. Appellant seeks to enforce a rule promulgated under R.C. 3733.11(C) which provides as follows:
 (C) A park operator shall promulgate rules governing the rental or occupancy of a lot in the manufactured home park. The rules shall not be unreasonable, arbitrary, or capricious. A copy of the rules and any amendments to them shall be delivered by the park operator to the tenant or owner prior to signing the rental agreement. A copy of the rules and any amendments to them shall be posted in a conspicuous place upon the manufactured home park grounds.
The rule at issue states "[u]nits older than twelve years may not remain in Navarre Village without the written consent of the Management." See, Rule 1.5 in the Navarre Village Rule and Regulations, attached to Plaintiffs' Motion for Summary Judgment as Exhibit 5. Appellant argues that under Friendly Village v. Duty (1992), 75 Ohio App.3d 555, it has the right to promulgate any rules as long as they are reasonable and not arbitrary. We disagree with this position. In Friendly Village, the court found a regulation pertaining to additions to manufactured homes was reasonable because it had a rational basis and was enforced equitably. In the case sub judice, the rule at issue was not equally enforced. There was testimony the rule was not a "per se" rule i.e., each manufactured home over twelve years old was asked to be removed, but was enforced relative to the condition of the twenty year old manufactured home involved herein. When appellees purchased and moved into the manufactured home some two years earlier (when the manufactured home was eighteen years old) the rule was not enforced. T. at 23. As appellant's president testified to, if a buyer is purchasing a manufactured home over twelve years old "[i]f they want to buy in the park, they will remove it when we ask them." T. at 25. R.C. 3733.09 to R.C.3733.20 govern the relationships between a manufactured home park owner and an owner of a manufactured home. Included within the statutes is a philosophy of how the tenancies are to be maintained and what obligations exist between the parties. In particular, R.C. 3733.11(A)(2) explains in detail how rental agreements are to be renewed and terminated. Explicit in the statutory section is the right of an owner to have continuous renewal of the lease. Said section provides that the one to reject the continuance of the lease in the first part is the owner, thereby expressing a legislative philosophy that an owner can remain at his/her will if all other obligations of the owner are fulfilled. See, R.C. 3733.10.1 and R.C. 3733.09.1. Therefore, the rule set forth by appellant is in fact a modification or addendum to the statutory scheme. The rule as it was implemented was in clear violation of R.C. 3733.15(A) which states "[n]o provision of sections 3733.09
to 3733.20 of the Revised Code may be modified or waived by any oral or written agreement except as provided in division (F) of this section." Upon review, we find the rule sought to be enforced is in derogation of the continued residency philosophy of R.C.3733.11(A)(2) and therefore is in violation of the statutory scheme. Appellant also argues the rule is not arbitrarily enforced. From the facts presented, the genesis of the operation of the twelve year rule was the notice by appellees that they intended to sell their manufactured home. T. at 26. In R.C.3733.11(H)(1) and (2), no park operator shall do the following:
 (1) Deny any owner the right to sell the owner's manufactured home within the manufactured home park if the owner gives the park operator ten days' notice of the intention to sell the home;
 (2) Require the owner to remove the home from the manufactured home park solely on the basis of the sale of the home;
Upon review, we find the facts sub judice justify a finding that the enforcement of the rule was based on the proposed sale and was therefore a violation of the above statute. Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, J., WISE, P.J. and EDWARDS, J., concur.